BENJAMIN F. McLELAND, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

25 477
c116 571

*If the Court charge the jury in a criminal cause, that if they believe that one of two or more acts, necessarry to constitute the offence charged in the bill of indictment be proven, they should find the defendant guilty, it is error.*

Adultery, from Scriven county. Decided by Judge HOLT, April Term, 1857.

The plaintiff in error in this case was indicted for " living in a state of adultery and fornication" with Marion Scott.

Upon the trial in the Court below, the State introduced as a witness —— *Green*, who testified that some time in September or October, 1855, he saw the defendant and Marion Scott lying together in a storehouse of the defendant, under the counter, thinks they committed the act of adultery, they were doing something particular—that defendant had carnal knowledge of and with said Marion Scott. This was in the county of Scriven, State of Georgia. Marion Scott at that time was living in the house with defendant and his wife. Marion Scott was a single woman. Witness and witness' wife, and Marion Scott, who was his wife's sister, were lying under the counter, when the defendant came in the store and went under the counter to the place where they were lying. That he (witness) believed at the time that defendant was having carnal knowledge, but he did not interfere to prevent it.

*John Burcer*, testified that the defendant was a married man that he saw him married eight or ten years before, and that his wife was then living.

The State then closed, and the defendant introduced no evidence.

Defendant's counsel-asked the Court to charge:

1st. " That under this indictment the defendant must be proved to have lived in a state of adultery and fornication with Marion Scott, and that proof of a single act of adultery only, is not sufficient to authorize a conviction.

McLeland vs. The State.

This charge the Court refused to give, but charged the jury "that although the defendant was indicted for "living in a state of adultery and fornication" yet if they believed from the testimony that the defendant had been guilty of a single act of adultery, they should find him guilty under the indictment."

Defendant's counsel requested the Court to charge.

2d. "That though no witness was put upon the stand to impeach the witness Green, yet nevertheless the jury were not bound to give full faith and credit to his statements. But they can reject the testimony *in toto* if they think proper."

3d. "That the defendant is entitled to the benefit of the reasonable doubts of the jury."

These charges were given by the Court as requested, and the Court further charged the jury. "That the proof must produce in the mind of the jury a reasonable certainty of guilt before they could convict; that if they entertained a reasonable doubt they should acquit."

The jury found the prisoner guilty, and the defendant's counsel filed his bill of exceptions saying that the Court erred in refusing to charge as firstly requested by the defenant's counsel and in charging, as lastly above set out.

GORDON, SINGLETON & WRIGHT, for plaintiff in error.

Attorney General, McLAWS; and A. H. H. DAWSON, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

The act of the Legislature of 1850, *Cobb* 462, prohibits the Judge presiding at the trial of a defendant, in an indictment, from intimating his opinion to the jury in his charge as to the guilt of the accused. If he violates this statute, this Court is required to reverse the judgment.

Under the charges of the indictment in this case, it is ne-

cessary for other facts to be proven besides an act of adultery, to warrant the conviction of the defendant. We do not say that enough was not proven to justify the verdict of the jury. That is not the question. Did the Court in his charge to the jury intimate an opinion as to the guilt of the accused.

He said to them that if they believed a single act of adultery had been proved, they *should* find the defendant guilty.

Although it was doubtless the intention of the presiding Judge, simply to expound the law, it seems to us, that he intimated an opinion as to the conclusion to which the jury must come, from the finding of one of two or more facts, which are necessary to constitute the offence charged in the indictment. It was the incautious use of a single word by the Court, which could scarcely have misled the jury, but under the positive requirement of the statute and the construction placed upon it in the case of *Ells vs. The State*, 20 *Ga.* 468, we feel constrained to reverse the judgment of the Court below.

Judgment reversed.