## SMITH vs. THE STATE.

[INDICTMENT FOR LIVING IN ADULTERY OR FORNICATION.]

1. *Living in adultery or fornication; constituents of offense.*—One act of criminal intimacy is not sufficient to constitute the offense of "living in adultery or fornication," (Code. § 3231,) although that act "was the result of previous arrangement and understanding between the parties."

FROM the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

THE indictment in this case was found at the March term of said circuit court, 1864, and charged that the defendant, "Martha Smith, a white woman, did live in a state of adultery or fornication with a negro man named Joe, the property of some person who is to the grand jury unknown," or, as alleged in another count, "the property of her, the said Martha Smith." On the trial, as the bill of exceptions shows, the State introduced witnesses, whose testimony was to the effect, that the prisoner owned a negro man by the name of Joe, who was hired to one Arant; that said negro came to the house of one Hinson, with whom the defendant was boarding, and who lived about a half-mile from said Arant, "frequently, perhaps two or three times in the week"; that on one occasion, within the time covered by the indict-

ment, said Hinson caught the slave in the defendant's room, at 9 o'clock at night, when the window of her room was open, and the door locked; and that the bed in the room showed the impressions of two persons having been lying on it. This being all the evidence in the case, the court charged the jury, at the request of the defendant, "that one act of criminal intimacy was not sufficient to constitute the offense charged in the indictment"; but added this qualification to the charge, "that if the jury believed the one criminal act was the result of previous arrangement and understanding between them, and the arrangement previously agreed upon between them was thus carried out and consummated, then the offense charged would be complete." To this qualification of the charge an exception was reserved by the defendant.

No counsel appeared in this court for the prisoner.
M. A. BALDWIN, Attorney-General, for the State.

PHELAN, J.—The charge of the court, "that one act of criminal intimacy was not sufficient to constitute the offense" of living in adultery or fornication under our statute, was correct; but the qualification which the court gave, was not so. No previous arrangement, or agreement between the parties, can make that "a living in adultery or fornication," which would not be so without it. It is not necessary, to constitute "a living in adultery or fornication," that the guilty parties should live together in the same house continually, as man and wife. Any habitual illicit intercourse between them, though living apart, will constitute the offense.—*Collins v. The State*, 14 Ala. 609. How long such habitual illicit intercourse must be continued, is not settled. Each case must depend on its own facts; and the jury, under the rule as stated, must be left to decide upon these. Whether, under the facts of this case, such an habitual illicit intercourse as amounted to "a living in adultery or fornication" did, or did not exist, will remain for the jury to decide, in all probability, when this case goes back for another trial.

The judgment below is reversed, and the cause remanded.