STATE OF IOWA V. MAGGIE RUSSELL, Appellant.

**Practice:** INDICTMENT. McClain's Code, section 5326, provides that if any person, for the purpose of prostitution, resorts to, uses, or occupies or inhabits any house of ill fame, or place kept for such purposes, such person shall be punished, etc. *Held,* that an indictment alleging that defendant did resort to, use, occupy, and inhabit a certain place for the purposes of prostitution and lewdness, such place being then and there in the possession and under the control of said defendant, is sufficient, though it does not charge that the place was a house of ill fame, or was kept for such purpose.

HARMLESS ERROR. An instruction that, if defendant "occupied or inhabited" a place resorted to for purposes of prostitution, she was guilty, was not prejudicial, where it is practically conceded that defendant was the sole occupant and had committed adultery therein.

*Appeal from Washington District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, OCTOBER 3, 1895.

Defendant was convicted of the crime of using and occupying a place for the purpose of prostitution and lewdness, and she appeals.—*Affirmed.*

*H. M. Eicher* and *C. J. Wilson* for appellant.

*Milton Remley,* attorney general, for the state.

Deemer, J.—This case is submitted upon a transcript of record, with a typewritten argument on the part of the appellant, and a printed one by the attorney general. The charging part of the indictment is as follows: "The said Maggie Russell, on or about the twenty-fifth day of August, 1894, in the county aforesaid, did unlawfully and feloniously resort to, use, occupy, and inhabit a certain place, commonly called a dwelling house, for the purpose of prostitution and lewdness; said place being then and there in the possession of, and under the control of, the said Maggie Russell." This indictment was drawn to cover the offense described in section 5326, McClain's Code, which reads as follows: "If any person, for the purpose of prostitution or lewdness, resorts to, uses or occupies or inhabits any house of ill fame or place kept for such purposes, or if any person be found in any hotel, boarding house, cigar store or other place leading a life of prostitution and lewdness, such person shall be punished by imprisonment in the penitentiary not more than five years." It is contended that the indictment does not charge an offense under the statute quoted, for the reason that it does not appear therefrom that the place resorted to, used, and occupied

was a house of ill fame, or place kept for such purpose. It must be conceded that the indictment is not drawn with technical nicety. But we think all the elements of the crime are so charged as that a person of common understanding would know what is intended, and that a court would be able to pronounce judgment, upon a conviction, according to the law of the case. It is true, it is not expressly charged that the place resorted to was a house of ill fame, or one kept for the purpose of prostitution or lewdness; but it does allege that defendant was in possession and control of a dwelling house which she unlawfully and feloniously resorted to, used, occupied, and inhabited for the purpose of prostitution or lewdness. If she, being in control of the house, used and occupied it for the purpose of prostitution and lewdness, this would make it a place kept for that purpose, within the meaning of the law. And proof of a single act of prostitution would be sufficient to justify a conviction. The language used in this statute is somewhat akin to that used with reference to intoxicating liquor nuisances,—section 1543 of the Code,—which makes it a crime for one to erect, establish, continue, or use a building for the purpose of selling, or of keeping therein with intent to sell, intoxicating liquors; and it has universally been held, under this last statute, that proof of a single unlawful sale within a building is sufficient to make it a place kept for that purpose, and therefore a nuisance. It sufficiently appears from the indictment that she kept the building for the purpose for which it was used, to-wit, for the purpose of prostitution and lewdness, and that she resorted to it for that purpose.

II. The court, in its instructions to the jury, said: "If you find from the evidence that the defendant occupied or inhabited a certain place, resorted to by men for the purpose of prostitution and lewdness, and that prostitution and lewdness was indulged in

between the parties therein, then the defendant is guilty." In the third instruction appears the following: "If, therefore, you find from the evidence, and beyond a reasonable doubt, that the defendant did use, occupy, or inhabit a certain place for the purpose of prostitution or lewdness, substantially as charged in the indictment, then you should convict. If not so satisfied, you should acquit." Considered abstractly, these instructions are erroneous, for the reason that defendant might be convicted thereunder if she were a mere servant employed about the house, although she may not have participated in the wrongful practices. As applied to the facts, the instructions were not prejudicial, because it is practically conceded that defendant was the only occupant of the house; and the testimony shows that she was found in bed with persons other than her husband on at least one occasion. It is also shown that she frequently admitted of having been guilty of sexual intercourse with various persons other than her husband upon the premises in question. The evidence, without any conflict, shows that defendant was guilty of prostitution and lewdness in the house referred to in the indictment, and no question is made of the instructions upon this ground. The complaint lodged against them by defendant's counsel is that they do not require proof that the place resorted to was "a house of ill fame, or place kept for such purpose." What we have said with reference to the sufficiency of the indictment in the first paragraph of this opinion will answer this objection. We discover no prejudicial error in the record, and the judgment is *affirmed*.