STATE OF IOWA v. H. C. IRVIN, Appellant.

117    469
f140    344

**Use for Prostitution and Lewdness.** *Not established.* That a householder has on two occasions, in his house, had sexual intercourse with his servant girl does not warrant his conviction under Code, section 4943, providing that one who, for the purpose of prostitution or lewdness, uses, occupies, or resorts to any house of ill fame or other place kept for such purpose, is guilty of a felony.

*Appeal from Madison District Court.*—HON. JAS. D. GAMBLE, Judge.

TUESDAY, OCTOBER 7, 1902.

THE defendant was convicted of the crime of using his dwelling house for the purpose of prostitution and lewdness, and appeals.—*Reversed.*

*Crossley & Nicholson* for appellant.

*Chas. W. Mullan*, Attorney General, and *Chas. A. Van Vleck*, Assistant Attorney General, for the State.

Sherwin, J.—The defendant was indicted under section 4943 of the Code, which provides that "if any person, for the purpose of prostitution or lewdness, resorts to, uses, occupies or inhabits any house of ill fame or place kept for such purpose," he shall be punished as therein provided. The defendant was a married man, living with his wife in the house in question, and was a physician practicing his profession in the community where he lived.   The evidence tends to show that he had twice had sexual intercourse with his servant girl, the acts occurring during different nights in said house.   If a conviction on these facts alone can be sustained at all, it must be done on the ground that he used his own dwelling house for the purpose of lewdness, and that it was a place which he kept for that purpose, for the statute says that such use or occupancy must be of places so kept.   The defendant's unlawful sexual intercourse with one person in his dwelling house was not a use thereof for the purpose of prostitution, within the meaning of the statute, for we have held that such acts do not constitute that offense.   *State v. Ruhl*, 8 Iowa, 447. There is no pretense that the defendant's house was a house of ill fame, as defined by section 4939 of the Code; and, unless it be shown that he kept it for the purpose of lewdness,—conceding for the purposes of this case that a single act of unlawful sexual intercourse would constitute the lewdness referred to and intended by section 4943,— the conviction cannot be sustained.   To keep is "to maintain, carry on, conduct, or manage."   4 Century Dictionary, p. 3270, par. 11.   And, in our judgment, the statute under consideration was not intended to reach and punish a single act of lewdness committed by a person in his own

house.   By its terms it punishes persons who resort to or
use houses of ill fame for the purpose of prostitution or
lewdness, and then further says, in effect, that whoever
uses any other place which is kept for the purpose of pros-
titution and lewdness shall be punished, etc.   It is clear to
us that this latter clause of the section was intended to
punish the resort to or use of assignation houses, or houses
which are kept for the purpose of indiscriminate sexual
intercourse, and that it cannot be applied to the facts in
this case without doing great violence to its language
and spirit.

The state relies upon *State v. Russell*, 95 Iowa, 406,
and it must be conceded that certain expressions are used
therein which lend support to its claim.   But the principal
discussion in that case was directed to the sufficiency of
the indictment, which failed to charge that the place used
for prostitution or lewdness was a house of ill fame, or
place kept for such purpose; and it is there said in sup-
port of the indictment that if the defendant, "being in
control of the house, used and occupied it for the purpose
of prostitution and lewdness, this would make it a place
kept for that purpose within the meaning of the law."
Thus far the principle announced is absolutely correct, and
the question determined was material to the validity of
the indictment.   The statement following, that "proof of
a single act of prostitution would be sufficient to justify a
conviction," while perhaps somewhat misleading, is not
wrong when applied to the proven facts in that case.   It
will be observed that it is not said that proof of a single
act of prostitution will be sufficient to show that the house
was a house of ill fame, but that, if it was shown that she
used and occupied it for the purpose of prostitution and
lewdness, then proof of a single act would justify a con-
viction.   The statement, no matter how construed, was
not essential to the correct determination of the case, be-
cause the evidence clearly showed that the defendant had

indulged in unlawful sexual commerce with divers and sundry persons other than her husband; and, furthermore, if given the meaning contended for by the state, it would be in conflict with the rule announced in *State v. Ruhl, supra,* and there was certainly no intention of overruling that case.

The evidence before us is not sufficient to warrant a conviction under the indictment, and the case is REVERSED.