## LAWSON *v.* THE STATE.

Under an accusation charging the accused with living in a state of adultery with a named person, mere proof of a single act of adultery with such other person is not sufficient to authorize a conviction.

Submitted October 22, — Decided November 13, 1902.

Accusation of living in adultery. Before Judge Carter. City court of Baxley. August 25, 1902.

*W. W. Bennett* and *J. B. Moore*, for plaintiff in error.
*N. J. Holton, solicitor*, contra.

FISH, J. Lola Lawson was tried, in the city court of Baxley, upon an accusation charging her with living in a state of adultery with one Henry Pluesy. There were other counts in the accusation, charging her with living in a state of fornication, and living in a state of adultery and fornication with the same person. She was found guilty, and made a motion for a new trial, which being overruled, she excepted. In our opinion the verdict was without evidence to support it. There was circumstantial evidence from which the jury could have inferred that the accused had been guilty of criminal sexual intercourse, upon a single occasion, with a man named Henry Pruitt. Whether Pruitt was married or single did not appear. Waiving the question whether or not the proof showed that Pruitt was also known by the name of Pluesy, and also the question whether or not the evidence should have shown whether he was married or single, the evidence was fatally defective in that it did not show the accused had been living in a state of adultery, with Pruitt, or that she had been living with him in either of the other unlawful states or conditions charged in the accusation. At most, it showed only a single act of criminal intercourse between the parties, without any other circumstance to sustain the accusation. In *McLeland* v. *State*, 25 *Ga.* 477, where the accused was indicted

and found guilty of the offense of "living in a state of adultery and fornication," the proof showed only a single act of adultery, and the trial court charged the jury that if they believed from the testimony that the defendant had been guilty of a single act of adultery, they should find him guilty under the indictment. But this court held that, under the charges of the indictment, it was "necessary for other facts to be proven besides an act of adultery, to warrant the conviction of the defendant." It seems to us that this is clear from the very language of the statute. The statute provides: "Any man and woman who shall live together in a state of adultery or fornication, or of adultery and fornication, or who shall otherwise commit adultery or fornication, or adultery and fornication, shall be severally indicted," etc. Penal Code, § 381. What necessity or reason was there for providing for the punishment of those who should "commit adultery" "otherwise" than by living together in a state of adultery, if by committing a single act of adultery they would be guilty of the offense of living together in a state of adultery? Or, to state the proposition differently, if a man and woman by a single act of adultery, unaccompanied by any other circumstance showing an intention to establish and continue an adulterous relation, are guilty of the offense of living together in a state of adultery, how can it be possible for them to "commit adultery" "otherwise" than by living in a state of adultery? The statute clearly makes a distinction · between living together in a state of adultery and merely committing an act of adultery.

Bishop, in discussing the statutory offenses which he treats of under the title, "Living in Adultery or Fornication," after calling attention to the different expressions employed in the statutes of the various States, says: "None of these statutes are violated by a mere single act of criminal intercourse, and it will not be otherwise though the act transpires in pursuance of a prior arrangement." Bish. Stat. Crim. § 697. The following cases, most of which are cited by the learned author, will be found to sustain this statement. Smith *v.* State, 39 Ala. 554; Quartemas *v.* State, 48 Ala. 269; Hall *v.* State, 53 Ala. 463; Bodiford *v.* State, 86 Ala. 67; Morrill *v.* State, 5 Tex. App. 447; Jackson *v.* State, 116 Ind. 464; Bruner *v.* Commonwealth, 82 Va. 115; Luster *v.* State, 23 Fla. 339; Thomas *v.* State, 39 Fla. 437; Searls *v.* People, 13 Ill. 597; Tur-

ney *v.* State, 60 Ark. 259; State *v.* Marvin, 12 Iowa, 499; Com. *v.* Calef, 10 Mass. 153.　A new trial should have been granted.

*Judgment reversed.　All the Justices concurring, except Lumpkin, P. J., absent, and. Candler, J., not presiding.*