THE STATE OF IOWA, Appellee, v. LEONA SHAW, Appellant.

**Prostitution:** CONSTRUCTION OF STATUTE: EVIDENCE. Under Code, section 4943, a conviction may be had under an indictment charging one with having been found in a certain house leading a life of prostitution and lewdness, without proof of actual sexual intercourse. Evidence held sufficient to support conviction.

*Appeal from Mahaska District Court.*— HON. W. G. CLEMENTS, Judge.

WEDNESDAY, OCTOBER 26, 1904.

INDICTMENT for prostitution. From a verdict and judgment of guilty, the defendant appeals.— *Affirmed.*

*W. S. Kenworthy* and *Liston McMillan,* for appellant.

*C. W. Mullan, Attorney General,* for the State.

WEAVER, J.— The appellant's argument for a reversal of the judgment below is based largely upon the construction to be placed upon Code, section 4943. That section reads as follows: " If any person for the purpose of prostitution or lewdness resorts to, uses, occupies, or inhabits any house of ill fame or place kept for such purpose, or if any person be found at any hotel, boarding house, cigar store or other place leading a life of prostitution or lewdness such person shall be imprisoned in the penitentiary not more than five years." The indictment is based upon the last clause of this section, and charges the defendant with having been found in a certain house in the county of Mahaska leading a life of prostitution and lewdness. It is insisted that under an indictment of this kind the accused can be convicted only upon proof that she was there found in the very act of illicit sexual intercourse. This is a most violent and unreasonable perversion of the language of the statute. The woman who inhabits a house of ill fame or other place as a shelter or resort in which to engage in unlawful sexual commerce is " leading a life of prostitution and lewdness " within the meaning of the law during every instant of her residence there, and not merely while in the flagrant act. True, as counsel say, " she must be found while in the act prohibited by the statute "; but the act here prohibited is not the act of sexual intercourse, but the living of a life of prostitution and lewdness in the house or other resort in which she is found.

It is also said that the evidence is insufficient to support a verdict of guilty, in that but one act of intercourse was proven. If the testimony did no more than show the one act, the objection would be well taken. It was shown, however, without cavil, that the house in which appellant was found was a house of ill fame, that the one act of which mention is made was negotiated in a manner betokening both experience and hardened shamelessness, and that all the circumstances surrounding her stay in the house where the act occurred tended to show that she was there plying the trade of a common courtesan. The evidence of her guilt is abundant.

A suggestion is finally made that the indictment is insufficient on account of the obscurity of the language employed. The point is not argued, and is without merit.

The judgment of the district court is *affirmed*.