STATE OF IOWA v. RECTOR McDAVITT, Appellant.

Lewdness: ELEMENTS OF OFFENSE: SINGLE ACT. Resorting to a hotel for one night only for the purpose of lewdness does not constitute the offense defined by Code, section 4943, as leading a life of lewdness.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

TUESDAY, NOVEMBER 24, 1908.

DEFENDANT was found guilty under an indictment charging him with a crime described as "resorting to a hotel for the purpose of lewdness," and, from a sentence of imprisonment in the state reformatory for an indeterminate period not exceeding five years, he has appealed.— *Reversed.*

*McHenry & Graham*, for appellant.

*H. W. Byers*, Attorney General, and *Charles W. Lyon*, Assistant Attorney General, for the State.

McCLAIN, J.—The charging part of the indictment was as follows: "The said Rector McDavitt on or about the 8th day of May, A. D. 1908, in the county of Polk and State of Iowa, did willfully, unlawfully and feloniously resort to, use and occupy and was found in a certain hotel situated in the county aforesaid, and known as the Morgan Hotel, for the purpose of lewdness, the said hotel being then and there in the possession of and under the control of Phillip Morgan." The section of the Code under which the indictment was found is as follows: "Sec. 4943. Prostitution. If any person for the purpose of prostitution or lewdness, resorts to, uses, occupies or inhabits any house of illfame or place kept for such purpose, or if any person be found at any hotel, boarding house, cigar store or other place, leading the life of prostitution or lewdness, such person shall be imprisoned in the penitentiary not more than five years." The jurors were instructed that if defendant did resort to, use and occupy the hotel described for the purpose of lewdness, he was leading a life of lewdness at such hotel within the statute. The evidence connected the defendant with the hotel only. as a person who there had and occupied a room in which during one night acts of lewdness were committed.

We think that the indictment did not charge a crime under the statute, and that the instruction which authorized a conviction on proof of the acts charged in the indictment was erroneous. The statute, so far as it has reference to the facts which the evidence tended to prove, makes it criminal to resort to a house of illfame for the purpose of lewdness, or to be found in a hotel leading a life of lewdness, and it was for the second form of the

offense that the defendant was indicted and convicted. Does the commission of acts of lewdness during one night, constituting parts of a continuous transaction, amount to the leading of a life of lewdness within the statute. Plainly not; for, if resorting to a hotel for the purpose of lewdness, constitutes the leading of a life of lewdness there was no occasion for making a distinction in the statute between a house of illfame and a hotel. It would have been sufficient to describe the crime as consisting in the resorting to a house of illfame or a hotel for the purpose of lewdness. But it was plainly intended that the leading of a life of lewdness should amount to something more than resorting for the purpose of lewdness. The language of our statute has not been interpreted by this court or the courts of other States, so far as we can discover. We have held that the commission of acts of lewdness by a man in his own house does not render it a place kept for that purpose within the first clause of the section above quoted. *State v. Irvin,* 117 Iowa, 469. And in this case the language used in *State v. Russell,* 95 Iowa, 406, now relied upon by the counsel for appellee, is very materially qualified. We have also held that to establish the charge of resorting to a house of illfame for the purpose of prostitution or lewdness only one such act need be shown. *State v. Shaw,* 125 Iowa, 422. But cases. relating to living in adultery or lewd cohabitation seem to be somewhat in point on the interpretation to be given to the phrase "leading a life of lewdness" as used in our statute, and the uniform holding is that illicit cohabitation on one occasion, though the result of a previous arrangement, or mere private incontinence on different occasions with different persons, does not constitute such a crime. *Smith v. State,* 39 Ala. 554; *Bodiford v. State,* 86 Ala. 67 (5 South. 559, 11 Am. St. Rep. 20); *Pruner v. Commonwealth,* 82 Va. 115; *Jackson v. State,* 116 Ind. 464 (19 N. E. 330); *Lawson v. State,* 116 Ga. 571 (42

S. E. 752); *Mitten v. State,* 24 Tex. App. 346 (6 S.
W. 196); *Turney v. State,* 60 Ark. 259 (29 S. W. 893);
*State v. Marvin,* 12 Iowa, 499. No doubt a person might
lead a life of lewdness at a hotel by habitually resorting
there for lewd purposes, or by repeatedly indulging in
lewdness while living there, but no such conduct is charged
in the indictment or indicated by the evidence.

The judgment of conviction is *reversed.*