STATE OF IOWA, Appellee, v. D. SULLIVAN, Appellant.

LEWDNESS: Definition—Acts Constituting. Under Sec. 4943, Code,
1  1897, punishing one for resorting to a house of ill fame for the purpose of lewdness, the word "lewdness" means lustful and lascivious conduct, and is a synonym of unchastity, sensuality, and debauchery; and anyone who resorts to such a place for some immoral, lustful, or lascivious act, in keeping with the immorality common to such a place, is guilty, under that statute.

CRIMINAL LAW: Evidence—Burden of Proof. In a prosecution
2  under Sec. 4943, Code, 1897, for resorting to a house of ill fame for the purpose of lewdness, the burden is on the State to establish, beyond a reasonable doubt, the essential elements of the crime.

LEWDNESS: Evidence—Sufficiency. Evidence reviewed, in a pros-
3  ecution for resorting to a house of ill fame for the purpose of lewdness, and held insufficient to sustain a conviction.

*Appeal from Ringgold District Court.*—HOMER A. FULLER,
Judge.

OCTOBER 17, 1919.

DEFENDANT was convicted, in the court below, of the
crime of resorting to a house of ill fame for the purpose of
lewdness, and appeals from the judgment of the court sen-
tencing him to a term of five years in the penitentiary.—
*Reversed.*

*Spence & Beard,* and *F. F. Fuller,* for appellant.

*H. M. Havner,* Attorney General, for appellee.

STEVENS, J.—The indictment charges defendant with
the crime of resorting to a house of ill fame for the pur-
pose of lewdness, and is based upon Section 4943 of the
Code, which is as follows:

1. LEWDNESS:         "If any person, for the purpose of pros-
definition:
acts consti-        titution or lewdness, resorts to, uses, oc-
tuting.
cupies or inhabits any house of ill fame
or place kept for such purpose, or if any person be found
at any hotel, boarding house, cigar store or other place,
leading a life of prostitution or lewdness, such person shall
be imprisoned in the penitentiary not more than five years."

Although no direct proof of prostitution at the place
designated as a house of ill fame was offered, the record
discloses that it was a rendezvous for immoral men and
women, and fully justified the jury in finding that it was
a house of ill fame. Counsel for the defendant insist, how-
ever, that the evidence wholly fails to show that he visited
the place for the purpose of lewdness, as charged. The
keeping of a house of ill fame is, by Section 4939 of the
Code, made a crime, and the keeper thereof may, upon con-
viction, be punished by imprisonment in the penitentiary
for a term of not less than six months, nor more than five

years. The section quoted above makes it a crime for any person to resort to a house of ill fame, or place kept for the purpose of lewdness or prostitution, for the purpose thereof, or for any person to use, occupy, or inhabit the same for purposes of prostitution, or to be found in any hotel, boarding house, cigar store, or other place leading a life of prostitution or lewdness, which crime is punishable by imprisonment in the penitentiary for a term of not more than five years. Lewdness is defined as lustful and lascivious conduct; a synonym of unchastity, sensuality, and debauchery. *State v. Wilson*, 124 Iowa 264. This may consist of a single act of sexual indulgence, or other lustful, sensual, or lascivious acts or conduct. *State v. Shaw*, 125 Iowa 422; *State v. Mitchell*, 149 Iowa 362; *State v. McDavitt*, 140 Iowa 342; *State v. Rayburn*, 170 Iowa 514; *State v. Gardner*, 174 Iowa 748.

The obvious purpose of the legislature in enacting the foregoing statutes was to make adequate provision for the protection of the community and society from the demoralizing and degrading influence of persons and places of the **character** named. To this end, provision has been made whereby not only the keeper who provides and maintains a place resorted to by immoral persons for the purpose of **prostitution**, but also the inmate and frequenter thereof may be punished. The crime charged consists in resorting to or visiting a house of ill fame for the purpose of lewdness. The lewdness contemplated by the statute is some immoral, lustful, or lascivious act, in keeping with the immorality common to the place.

The evidence in this case shows that one of the inmates of the place in question was taken there by the defendant; that he paid her board, bought her clothing, and was frequently seen in her company upon the streets, in an automobile, at a picture show, and other places. The place complained of was occupied by three women: one an el-

2. CRIMINAL LAW: evidence: burden of proof.

derly woman; another a woman with three children, aged 6, 4, and 2 years, respectively; and the woman above referred to. Various persons residing in the vicinity thereof were called as witnesses on behalf of the State, and testified that the defendant frequently drove up to the house in his automobile, and that the inmate taken there by him drove away with him; that he entered the house two or three times, but ordinarily, when seen in the vicinity, he did not go into the building. The two younger women were also called by the State as witnesses, and both testified, upon cross-examination, that the defendant came into the house but twice: the first time to notify a visitor that his child was very ill, and the next time, when he returned with one of the inmates from the picture show, about ten o'clock at night.

The defendant, who testified in his own behalf, admitted that he was in the house two or three times, but denied going there for any immoral purpose. The testimony of the neighbors as to when he made the visits seen by them is not very definite. The two women testified, upon cross-examination, that the defendant did not, while in the house, indulge in any immoral conversation or act of lewdness, and they specifically deny that he ever, at any time, manifested a lewd purpose in visiting the place. There is no direct evidence to the contrary. It is conceded that the defendant and one of the women frequently had illicit relations at his garage and other places. The court instructed the jury that the term "lewdness," as used in the statute, means sexual intercourse. It will thus be seen that, while the evidence offered by the State was sufficient to justify the jury in finding that the place to which it is claimed the defendant resorted for immoral purposes was a house of ill fame, and that defendant was seen to enter the same at least twice, there is no direct evidence that his immediate purpose in going there was forbidden by statute.

On the other hand, all of the direct evidence offered as to what occurred in the house negatives this allegation of the indictment. The women, at the time of the trial, were confined in the Women's Reformatory at Rockwell City, and their past conduct was not such as to commend their reliability as truthful witnesses; but the State, by calling them, invited the jury to give credence to their testimony. They were called as witnesses, for the purpose of proving the necessary allegations of the indictment. The statements elicited from them that defendant committed no immoral act upon either of his visits to the alleged house of ill fame is contradicted only by inferences to be drawn from the fact that defendant, upon at least two occasions, went into the house. The burden rested upon the State to establish the essential allegations of the petition beyond a reasonable doubt. Surely, the positive testimony of the witnesses offered by the State, that no lewd conduct was indulged in by the defendant, was sufficient to raise a doubt as to the purpose for which defendant in fact went to the house. His purpose in going may or may not have been improper. Even if presumptively improper, the direct evidence of the two witnesses that his conduct while at the house was unobjectionable must be given weight. We cannot permit the verdict to stand, upon the record before us.

3. LEWDNESS: evidence: sufficiency.

The defendant is shown by the evidence to have consorted with one of the inmates above referred to, upon the streets and in his garage and other places, secretly and for immoral purposes; but these facts do not establish the crime charged. His purpose in going to the place in question, to take one of the inmates riding in his automobile, and perchance to some place where their immoral tendencies might be indulged, is also insufficient to make out the crime charged. To resort to a place of the character charged for the purpose of lewdness means to visit the same for

the purpose of indulging in the immorality common thereto, and to contribute to its character as a nuisance, which it is the primary purpose of the statute to destroy.

We reach the conclusion, therefore, that the record fails to sustain the conviction, and the judgment of the court below must be reversed, and it is so ordered.—*Reversed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.