## THE STATE v. CLARK.

1. **Criminal Law**: INSTRUCTIONS: DEFINING CRIME: HOUSE OF ILL-FAME. While it is the duty of the court in a criminal case to define the crime to the jury, a formal definition is not required, but it is sufficient to inform the jury with sufficient fulness and accuracy what acts constitute the offense; and in this case,—a prosecution for keeping a house of ill-fame,—the instructions taken together (see opinion) are *held* to sufficiently define the offense.

2. ————: HOUSE OF ILL-FAME: PROSTITUTE DEFINED. If a woman submits to indiscriminate sexual intercourse, which she invites or solicits by word or act or any device, she is a prostitute, regardless of what she receives, or whether or not she receives anything, by way of compensation therefor. (See *State v. Rice*, 56 Iowa, 431.)

3. ————: EVIDENCE TO SUPPORT VERDICT ON APPEAL. Where there is some evidence to support a verdict of guilty, this court cannot interfere, though some of its members might think that the verdict should have been the other way.

*Appeal from Boone District Court.*—HON. S. M. WEAVER, Judge.

FILED, OCTOBER 16, 1889.

DEFENDANT was indicted and convicted of keeping a house of ill-fame. He appeals to this court.

*E. L. Green*, for appellant.

*J. Y. Stone*, Attorney General, and *O. M. Brockett*, County Attorney, for the State.

BECK, J.—I.  The defendant was indicted under Code, section 4013, being charged with wilfully keeping a house of ill-fame, resorted to for the purpose of prostitution and lewdness. Counsel for defendant first complain that the court did not in proper instructions define the crime for which defendant was indicted.  It is the duty of the court to explain to the jury the offense of which the accused is charged, what acts constitute it, and explain or define the words used in the statute prescribing the offense.  This may be done, as it often is, by what is called a "definition of the crime."  In doing this the court is said to "define the offense." What is here described may be done in language and in a form different from a formal definition of the offense.  If the court informs the jury with sufficient fulness and accuracy what acts constitute the offense, it seems to us that nothing more could be done by a formal definition.  The jury were directed, in effect, that if they found defendant kept a house of ill-fame within the county, and within three years next preceding the finding of the indictment, which was, while so kept by defendant, a house of ill-fame, of bad repute, or evil notoriety, which was resorted to for the purpose of prostitution or lewdness, they should find him guilty of the crime charged in the indictment.  The instructions direct that to convict defendant the jury must find that the house was kept by defendant with the knowledge of the prostitution and lewdness, and consent thereto, and that one or more acts of prostitution or lewdness do not constitute the crime.  Other directions were given as to the matter which should be shown by the evidence to authorize conviction.  In our opinion, the instructions, considered together, did fairly and clearly present to jury the facts which they should find in order to convict, and in this regard the offense was defined to the jury.

II.  Counsel, if we understand him correctly, thinks that prostitution consists in sexual commerce for gain.

*Margin note:* 1. CRIMINAL law: instructions: defining crime: house of ill-fame.

2. ——: house of ill-fame: prostitute defined.

It is sometimes so defined, but we think if a woman submits to indiscriminate sexual intercourse, which she invites or solicits by word or act, or any device, she is a prostitute. Her avocation may be known from the manner in which she plies it, and not from pecuniary charges and compensation gained in any other manner. *State v. Rice*, 56 Iowa, 431.

III. Counsel complain that the evidence fails to show that defendant's place was a house of ill-fame. Of

3. ——: evidence to support verdict on appeal.

course the reputation of the house should be shown to enable the jury to determine whether it was a house of ill-fame."

Evidence given by witnesses, more or less familiar with the reputation of the house, and the practices of persons stopping at it, was submitted to the jury. While there may be a difference of opinion as to the weight and preponderance of the evidence, it cannot be said that there was such a failure thereof to support the verdict as would require us to grant a new trial. It is quite true that some of us are not satisfied that the defendant ought to have been convicted upon the evidence. But none of us can say that there is such a want of evidence as to authorize us to interfere.

No other questions are argued by counsel, though the exceptions cover others. We have given the case careful consideration, not omitting points not argued, and reach the conclusion that the judgment of the district court ought to be ·          AFFIRMED.