THE STATE OF IOWA, Appellee, v. HARRY RAYBURN, Appellant.

PROSTITUTION, HOUSE OF: ''Resorting to for Lewdness''—Who
1   May Be Guilty—Male Person. A male person may be guilty of resorting to a house of ill fame for the purpose of lewdness, within the meaning of Sec. 4943, Code 1897. Said section punishes both the act of resorting to a house of ill fame (a) ''for the purpose of prostitution'' and (b) ''for the purpose of lewdness.'' ''Prostitution'' and ''lewdness'' are not synonymous terms within the meaning of said section.

**WORDS AND PHRASES:** ''Prostitution''—''Lewdness''—Criminal
2 **Statute.** The terms ''prostitution'' and ''lewdness'' are not
synonymous terms within the meaning of Sec. 4943, Code 1897,
punishing the act of resorting to a house for the purpose of
prostitution or lewdness. (Sec. 48, Par. 2, Code 1897.)

**PROSTITUTION, HOUSE OF:** Resorting to—Intent—Gist of Of-
3 **fense.** The gist of the offense of *resorting to* a house of ill
fame for the purpose of lewdness, within the meaning of Sec.
4943, Code 1897, is the *purpose* or *intent* in so resorting. The
offense may be complete without the occurrence of any specific
acts of lewdness.

**PROSTITUTION, HOUSE OF:** Resorting to—Indictment—Suffi-
4 **ciency.** An indictment for resorting to a house of ill fame for the
purpose of lewdness, under Sec. 4943, Code 1897, need not al-
lege the various acts which the defendant purposed committing.

*Appeal from Wayne District Court.*—HON. H. K. EVANS,
Judge.

FRIDAY, JUNE 18, 1915.

THE defendant was charged with resorting to a house
of ill fame for the purpose of lewdness. He was convicted
by a jury, and judgment pronounced. From this judgment
he appeals.—*Affirmed.*

*K. E. Sallman* and *Miles & Steele,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,*
Assistant Attorney General, for appellee.

PRESTON, J.—The indictment is in this form:

''The Grand Jury of the County of Wayne, in the name
and by the authority of the State of Iowa, accuse Harry
Rayburn of the crime of resorting to a house of ill fame
for the purpose of lewdness, committed as
1. PROSTITUTION, follows: The said Harry Rayburn, on or
HOUSE OF:
"resorting to about the 28th day of September, in the
for lewdness":
who may be year of our Lord one thousand nine hundred
guilty: male
person. and fourteen, in the county aforesaid, did
then and there wilfully, unlawfully and feloniously resort to

and use, for the purpose of lewdness, a certain house of ill fame kept by Ollie Witt, said house of ill fame being then and there situated in the County of Wayne and the State of Iowa, contrary to the statutes in such case made and provided, and against the peace and dignity of the State of Iowa."

It was admitted of record that the defendant is a male person. Defendant was tried to a jury and found guilty, but no part of the evidence is set out in the abstract. The abstract recites that the testimony of witnesses was largely taken on the part of the State and of the defendant, but appellant omits the same for the reason that none of the testimony is necessary or material to any of the issues and questions raised. The instructions are not before us. At all stages of the trial, first by demurrer to the indictment, and later by a motion to direct a verdict for the defendant, motion to set aside the verdict, and motion in arrest of judgment, the defendant contended, substantially, that the words "any person" in Sec. 4943 of the Code, under which the indictment was found, did not apply to and include a male person, but only included a female person; also on the ground that the indictment did not take any specific act of lewdness for which it was alleged that the defendant resorted to and used said house of ill fame. The trial court ruled against the defendant on these propositions.

1. Sec. 4943 of the Code reads:

"If any person, for the purpose of prostitution or lewdness, resorts to, uses, occupies or inhabits any house of ill fame or place kept for such purpose, or if any person be found at any hotel, boarding house, cigar store or other place, leading a life of prostitution or lewdness, such person shall be imprisoned in the penitentiary not more than five years."

It is contended by appellant, and it is conceded by the State, that a man may not be guilty of prostitution. The

indictment in this case does not charge defendant with resorting to a house of ill fame for the purpose of prostitution, but does charge that he resorted to the place for the purpose of lewdness. But it is said by defendant that the words prostitution or lewdness in the statute are synonymous, and that the word "person" refers only to a female person; that a male person cannot be guilty of prostitution, or resorting to a house of ill fame for that purpose.

If "prostitution" and "lewdness" are synonymous, it would have been unnecessary to use but one of the words. There was presumably some reason for using both. The

2. WORDS AND PHRASES: "prostitution": "lewdness": criminal statute.

statute reads that, if "any person," for the purpose of prostitution or lewdness, resorts, etc. If a man and woman go together to or resort to a house of ill fame for the purpose of having sexual intercourse, her purpose would be for prostitution, his for lewdness. Or a man could go by himself for the purpose of having sexual intercourse, which would be lewdness under this statute and under definitions hereafter given. Or a man could resort to such a place and be guilty of lewdness without sexual intercourse. Lewdness may not import criminal indulgence, but is generally used as indicating gross indecency with respect to the sexual relations. *State v. Mitchell,* 149 Iowa 362, 366. Sexual intercourse would, of course, constitute lewdness; but, as suggested, there may be lewdness without sexual intercourse at all, and the man, as well as the woman, may be guilty of it. We think the statute broad enough to cover situations such as those suggested. The purpose of the legislature was to suppress such conduct and reach both parties. We think the statute fairly and reasonably bears that construction. The words "any person" include all persons. Words and phrases shall be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as have acquired a peculiar and appropriate meaning

in law, shall be construed according to such meaning.   Code
Sec. 48, Par. 2.

In the case we have supposed as to an act of sexual
intercourse between a man and woman, it would not be suffi-
cient, under some circumstances, or other provisions of the
statute, to show the one act.   But, under the section of the
statute now under consideration, proof of one act would be
enough, or the evidence might be such as that the crime would
be complete without proof of such single act if the evidence
was sufficient to show the intent or purpose in resorting to
the place and that it was for the purpose of prostitution
or lewdness.

In *State v. McDavitt*, 140 Iowa 342, the court said:

"We have also held that to establish the charge of resort-
ing to a house of ill fame for the purpose of prostitution or
lewdness, only one such act need be shown."

In that case the indictment was under the second form
of Sec. 4943, which provides, in substance, that if any person
be found at any hotel, etc., leading a life of prostitution or
lewdness, etc.   In that case, as in this, the indictment charged
that the defendant did resort to and use for the purpose of
lewdness.   In that case the court instructed that if defendant
did resort to, use and occupy the hotel described for the pur-
pose of lewdness, he was leading a life of. lewdness at such
hotel within the statute.      This was held to be error.   The
court said:

"No doubt a person might lead a life of lewdness at
a hotel by habitually resorting there for lewd purposes, or
by repeatedly indulging in lewdness while living there, but
no such conduct is charged in the indictment or indicated by
the evidence."

Appellant contends for that case that the words "only
one such act" in the first quotation just given show that

both words, "prostitution" and "lewdness," refer to one
and the same act. But we think this does
3. PROSTITUTION,
HOUSE OF: re-    not necessarily follow. The court was not
sorting to:
intent: gist of   construing any question of prostitution in
offense.
that case. Under Sec. 4943, under which this
defendant was indicted, it is not the act itself of sexual
intercourse, or other lewdness, which is prohibited, but the
resorting to a house of ill fame for the purpose of prostitu-
tion or lewdness. As indicating the purpose of the legisla-
ture in enacting the statute in question, we may refer to
one or two others. Sec. 4938 provides a penalty for lewdly
and viciously associating and cohabiting if unmarried. The
word "lewdly" as there used has a meaning separate and
distinct from its meaning when used in connection with the
indecent exposure of the person. Under that section, the
cohabitation or association must, to some extent, become
notorious and reach that degree where it becomes observed
by the public before a conviction is proper. Sec. 4939 pun-
ishes anyone who keeps a house of ill fame resorted to for
the purpose of prostitution or lewdness. The situation had
not yet been entirely covered. Persons who should visit a
house of ill fame for the purposes for which it was estab-
lished were not reached by either of the preceding sections.
Sec. 4943 was evidently enacted to cover the last situation,
and made resorting to a house of ill fame for the purpose for
which it is maintained a crime. Either sex may resort to
a house kept for that purpose, and either sex may commit
lewd acts in such a place.

In *State v. Wilson,* 124 Iowa 265, where the charge was
keeping a house of ill fame, this court approved an instruc-
tion defining "a house resorted to for the purpose of prosti-
tution and lewdness" as being "a house visited by persons of
both sexes for the purpose of having sexual intercourse, or
some other lewd purpose."

In *State v. Mitchell,* 149 Iowa 362, 365, an instruction
defining lewdness as "the unlawful indulgence of the animal

desires" was held inadequate and misleading as applied to the facts in that case. The indictment in that case was for conspiracy to induce two girls to commit the crime of lewdness, under Sec. 4938 of the Code, and the inquiry was whether the design of the defendants was that the girls lewdly and viciously associate with them, or other males. The holding was that this would not be established by showing a conspiracy to procure them to yield their persons to a single act of incontinence, but the design must have been to cause or induce each girl to lewdly or viciously associate or cohabit for some time with one of the defendants or other male person. The court refers to the *Wilson* case and Sec. 4939 of the Code, and says:

"The gist of the offense under that section is the keeping of the place for the purpose defined, and the term 'lewdness,' as therein found, is employed in its ordinary sense as meaning lustfulness, lecherous, lascivious, or libidinous conduct."

2. Appellant's next contention is that the indictment is insufficient, in that there is not set out the specific acts which the defendant is charged with having committed. The

4. PROSTITUTION, HOUSE OF: resorting to: indictment: sufficiency.

gist of the offense is resorting to a house of ill fame for prostitution or lewdness. The indictment charges that the defendant did then and there, wilfully, unlawfully and feloniously, resort to and use for the purpose of lewdness, a certain house of ill fame kept by Ollie Witt. Defendant was informed that the offense for which he was placed on trial was resorting to the house of ill fame kept by Ollie Witt, also that he resorted there for an unlawful purpose, to wit, lewdness. The indictment would not have been sufficient had it stopped with the allegation that he resorted to a house of ill fame, because he might have gone there for a legitimate purpose; but when it charged him with going there for the purpose of lewdness, the crime was charged in the language of the statute, showing that his purpose was an unlawful one

and one which the statute punishes.  Lewdness has a distinct meaning in law, and we think it was unnecessary to give in detail in the indictment the various acts which he purposed committing.  The character of the place and the specific acts committed, or which he contemplated committing, were matters of evidence, and not of pleading.  Unless it was shown by the evidence that defendant resorted to the place for the purpose charged, defendant could not be convicted.  As before stated, the evidence is not before us, and we must assume that there was evidence to so show.

The burglary cases are somewhat analogous.  There the gist of the offense is the breaking and entering, and it has been held that in an indictment for burglary it is not necessary to describe in technical language the crime intended to be committed.  Thus it is sufficient to charge the intent as having been to commit a public offense, to wit, adultery.  *State v. Mecum*, 95 Iowa 433.  See also *State v. Jennings*, 79 Iowa 513.  And in such a case the fact that the indictment charges two different intents does not render it bad.  The crime may be established by the proof of one or all the intents alleged.  That is a matter of evidence.  So in conspiracy cases, the crime intended to be accomplished by the conspiracy need not be described in the indictment with the accuracy or detail which would be essential in an indictment for the commission of the offense itself.  *State v. Soper*, 118 Iowa 1, 4; *State v. Madden*, 170 Iowa 230.

There is no error, and the judgment is—*Affirmed.*

DEEMER, C. J., EVANS and WEAVER, JJ., concur.