**STATE of Iowa, Appellee,**

v.

**Earl John REITER, Appellant.**

No. 98–879.

Supreme Court of Iowa.

Oct. 13, 1999.

Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, and Robert Hansen, County Attorney, for appellee.

Considered by CARTER, P.J., and LAVORATO, SNELL, CADY, and SCHULTZ,* JJ.

PER CURIAM.

Defendant, Earl John Reiter, appeals from the judgment and sentence entered upon his conviction for failure to comply with the sex offender registry in violation of Iowa Code sections 692A.3 and 692A.7(1) (Supp.1995). He was convicted following a stipulated trial to the court. He contends the district court erred in interpreting the penalty clause for "willful failure to register" under section 692A.7(1) as including failure to notify the sheriff of a change of address. We hold the penalty clause in section 692A.7 for "willful failure to register" does not prescribe a penalty for a failure to notify the sheriff of a "change of residence." We reverse the district court judgment and sentence.

The factual scenario is not in dispute. Defendant, a sex offender, was required to and did register with the sheriff of Osceola County in July 1995. He was informed in writing that he was to notify the sheriff of a change of residence. Shortly thereafter, defendant changed residence to the state of Arkansas without notifying the sheriff. When he returned to Osceola County in May 1997, he was arrested for the present charge.

The district court rejected his motion to dismiss and motion to adjudicate law points premised on the contention that chapter 692A does not provide a penalty for a failure to notify of a change of address. We determine that defendant preserved error on his present contention.

Citing legislative concerns for public safety, the State urges that we liberally interpret the registration process enumerated in section 692A.3 to include the obligation to notify authorities of a change of address as a part of the registration process. Under the State's reasoning, the failure to notify of a change of address is a registration violation penalized under section 692A.7.

In construing statutes, we search for intent from what the legislature said, rather than what it should or might have said. Iowa R.App. P. 14(f)(13). It is well established that penal statutes must give fair warning of the conduct prohibited, *State v. Price*, 237 N.W.2d 813, 815 (Iowa 1976), and are to be construed strictly, with doubt resolved in favor of the accused. *State v. Lawr*, 263 N.W.2d 747, 750 (Iowa 1978).

Section 692A.3 places certain duties on a person required to register because of certain sexual offenses defined in Iowa Code section 692A.2. It requires such person "to register" with the sheriff, section 692A.3(1); on a change of address, such person must notify the sheriff in the county in which the person is registered, section 692A.3(2), (3), (4); and on a change of residence to a different county, such person must register with the sheriff in the new county, section 692A.3(3). Thus, this section refers to the duty of registering and notifying of a change of address.

The State's position that notifying of a change of address is a part of registration is offered to meet the terms of the penalty section. Section 692A.7(1) only punishes "[a] willful failure to *register*" and does not mention a failure to notify of an address change. In rejecting defendant's motion, the district court reasoned that "the act of reporting is in effect registration."

We must reject the State's position and the district court's reasoning. The legislature did not say the duty to notify of a change of address was a part of or was in fact a registration. In enacting section 692A.7, the legislature only gave warning of a penalty for violation of the duty "to register as required." It gave no warning that the failure to give notice of an address change carried a criminal penalty. If the

* Senior judge assigned by order pursuant to *Iowa Code section 602.9206 (1999).*

legislature intends to punish a sex offender for a failure to notify of a change of address, it must say so.

For all the reasons stated, we believe section 692A.7(1) does not provide a penalty for defendant's failure to notify the sheriff of Osceola County of his change of address. Therefore, we reverse the defendant's judgment and sentence.

**REVERSED.**