**STATE of Iowa, Appellee,**

v.

**Antoine D. SMITH, Appellant.**

No. 98–932.

Supreme Court of Iowa.

Jan. 20, 2000.

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas W. Andrews, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Jack Lammers, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

## PER CURIAM.

Defendant, Antoine D. Smith, who was convicted following a bench trial of failing to register as a sex offender, punishable pursuant to Iowa Code section 692A.7(1) (1997), appeals from the judgment of conviction. Because we find the acts alleged do not constitute a crime, we reverse.

The trial information in the present case alleged as follows:

> COMES NOW John Lammers as prosecuting attorney ... and accuses ANTOINE SMITH of FAILING TO REGISTER AS A SEX OFFENDER in violation of Section 692A.3(3)—aggravated misdemeanor ... committed as follows: The said ANTOINE SMITH on or about the [second day of August], 1997, in Black Hawk County, Iowa, did:

> *failed to register any change of address with the sheriff of the county in which he was residing,* or had failed to return a verification of address form after being required to do so as a convicted sex offender. Contrary to and in violation of section 692A.3(3) of the Iowa Criminal Code.

(Emphasis added.)

The evidence presented at trial revealed that following a conviction of assault with intent to commit sexual abuse in April 1992, defendant was incarcerated until July 1995. At the time of his release from prison, he registered as a sex offender with the sheriff of Black Hawk County. The registration form listed his address as follows: Community Support Center, 907 Independence Avenue, Waterloo, Iowa. Written on the form was a notation that defendant would be working with persons at a mental health program at that address who would assist him in establishing a permanent residence.

Later, defendant served a one-year jail sentence in the Black Hawk County jail from August 2, 1996, until August 2, 1997. During part of that time, he was committed to the mental health institute at Independence. While in jail on August 8, 1996, defendant completed an annual verification-of-address form for registered sex offenders as provided in Iowa Code section 692A.4.

Following his release from jail on August 2, 1997, defendant resided at a residence in Black Hawk County different from that shown on his most current sex-offender registration as verified by the August 8, 1996 verification-of-address form. He did not advise the Black Hawk County sheriff of this change of address. As a result, a warrant was issued for his arrest. Following his arrest on October 18, 1997, he did file a change-of-address form with the Black Hawk County sheriff on October 24, 1997. The present criminal charge is for his failure to have done so between August 2 and October 24.

The district court found that defendant's failure to advise the sheriff of his latest change of address following his release from jail on August 2, 1997, was a violation of the registration requirements of Iowa Code section 692A.3(2), punishable pursuant to Iowa Code section 692A.7(1).

At the time the district court ruled on defendant's guilt, this court had not issued its decision in *State v. Reiter,* 601 N.W.2d 372 (Iowa 1999). Nor had the *Reiter* case been decided when the initial appellant's brief was filed on this appeal. Defendant urged at oral argument and in a supplemental brief filed following oral argument, to which the State has had an opportunity to respond, that, based on the holding in *Reiter,* a failure to notify the sheriff of a change of address is not punishable under Iowa Code section 692A.7(1), the statutory provision punishing sex offenders who fail to register as required by law. We agree with that contention. Although *Reiter* involved that portion of section 692A.3 dealing with registrants who move outside the state and the present case involves a registrant's change of address within a county, the basic premise of *Reiter, i.e.,* that a failure to notify of a change of address is not punishable as a failure to register, is equally applicable to the present situation.

We have considered all issues presented and conclude that the judgment of the district court should be reversed.

**REVERSED.**